KEVIN W. TARPLEY,                    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        No. 4:05-CV-573-CAS
                                     )
UNKNOWN STEPPS, et al.,              )
                                     )
                Defendants.          )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Kevin W. Tarpley (registration no. 179539) for leave to commence this action without payment of the required filing fee.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.  See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the

prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on April 11, 2005.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $8.75, and an average monthly account balance of $.93.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580

F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, an inmate at the Moberly Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against Missouri Eastern Correctional Center ("MECC") employees Unknown Stepps, Unknown Keys, Unknown Gibbs, and Unknown Brandt. Plaintiff alleges that defendant Stepps sexually assaulted him at MECC. Plaintiff further alleges that when he complained, he was placed in administrative segregation and then was transferred to Farmington Correctional Center and later to Moberly Correctional Center.

## Discussion

Plaintiff's claims against defendant Unknown Stepps regarding the violation of his constitutional rights survive review under § 1915(e)(2)(B) and should not be dismissed at this time. <u>See</u> 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Unknown Stepps reply to the complaint.

The complaint is legally frivolous as to defendants Unknown Keys, Unknown Gibbs, and Unknown Brandt, because plaintiff has failed to assert any allegations against them. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.75 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Keys, Unknown Gibbs, and Unknown Brandt, because as to these defendants, the complaint is legally frivolous or fails

to state a claim upon which relief may be granted, or both.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Unknown Stepps, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Unknown Stepps shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 10th day of May, 2005.

_____
**UNITED STATES DISTRICT JUDGE**